E-FILED
Wednesday, 10 March, 2021  10:16:21 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **AMY JO FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | |
| | ) | **Case No. 2:21-cv-2047** |
| **CHAMPAIGN COUNTY, ILLINOIS, a** | ) | |
| **body corporate and politic, and** | ) | |
| | ) | |
| **LAUREL PRUSSING, in her former** | ) | **JURY TRIAL** |
| **capacity as Champaign County Treasurer;** | ) | **DEMANDED** |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

NOW COMES Plaintiff, Ms. Amy Jo Foster, by and through her attorneys, Ronald S. Langacker of Langacker Law, Ltd., and David Steigmann of Steigmann Law, PC, and for her Complaint against Defendants, Champaign County, Illinois, and Laurel Prussing, in her former capacity as Champaign County Treasurer, hereby states as follows:

## NATURE OF THE ACTION

1. This is a civil action brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615(a)(1), alleging interference with the exercise of Plaintiff's rights under the FMLA, and § 2615(a)(2) for discrimination and retaliation against Plaintiff based on Plaintiff's exercise or attempt to exercise her protected rights under FMLA.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to the terms of 28 U.S.C. § 1331 and 1337, and 29 U.S.C. § 2617(a). This is a civil action arising under the laws of the United States. Specifically, this is an action brought in furtherance of a certain Act of Congress guaranteeing

qualified employees the right to take time away from work for purposes of family medical leave.

3. The venue of this Court to entertain the issues raised in this case is appropriate by virtue of 28 U.S.C. § 1391(b), since Defendants reside within the judicial district of this Court and the claims giving rise to the above-captioned proceeding occurred within the judicial district.

## PARTIES

4. Plaintiff, Amy Jo Foster ("Foster" or "Plaintiff"), was, at all relevant times herein, a citizen of the United States. At all times relevant to this cause, Plaintiff was employed as the Deputy Treasurer of Champaign County, Illinois by Defendant Champaign County and Defendant Laurel Prussing.

5. Defendant Champaign County is a unit of government organized in accordance with the "Counties Code" [55 ILCS 1-1001 *et.al.*] which provides various governmental and public safety services for individuals residing within its corporate limits.

6. Defendant Laurel Prussing ("Prussing") was, at all times relevant to this proceeding, the duly elected Treasurer of Champaign County, Illinois. Prussing served as Treasurer of Champaign County from December of 2018 until January 31, 2020.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff Amy Jo Foster began her employment in the Champaign County Treasurer's office as a full-time employee in 1996, and worked continuously thereafter until her termination on December 12, 2019.

8. In November of 2018, Defendant Prussing was elected to a four (4) year term as Champaign County Treasurer.

9. After Prussing was installed as Treasurer, Plaintiff was promoted to Deputy Treasurer on

January 25, 2019. At all times material herein, Prussing was Plaintiff's direct supervisor.

10. At all times relevant to this proceeding, Plaintiff fully satisfied all reasonable performance and conduct expectations of the Defendants.

11. After assuming the County Treasurer position, Prussing struggled with the operations and duties of the Champaign County Treasurer's Office ("Treasurer's Office") and failed to meet the statutory obligations of the office set forth at 55 ILCS 5/3-10001 *et seq*., 55 ILCS 5/3-11001 *et seq*., and 35 ILCS 200/20-155 *et seq*. The statutory violations resulting from Prussing's neglect and mismanagement of the Treasurer's Office include but are not limited to the following:

    a. Failure to file timely monthly reports for the months of October 2019 through December 2019, in violation of 55 ILCS 5/3-10005.2;

    b. Failure to file timely monthly reports for significant periods of 2020, in violation of 55 ILCS 5/3-10005.2;

    c. Failure to deposit daily payments in separate accounts in violation of 55 ILCS 5/3-11004;

    d. Failure to timely process property tax payments;

    e. Failure to timely disburse property tax monies; and

    f. Failure to pay interest.

12. The aforementioned statutory duties are non-discretionary obligations of the Treasurer's Office.

13. Plaintiff informed Prussing that the Treasurer's Office was not fulfilling its non-discretionary statutory duties on several occasions throughout 2019. In response to Plaintiff's concerns, Prussing began to blame Plaintiff for the statutory compliance issues in the Treasurer's Office.

14. In September of 2019, due in part to the stress caused by the escalating dysfunction of the Treasurer's Office, Plaintiff sought mental health treatment and was diagnosed with extreme anxiety and depression. Plaintiff's health care provider subsequently directed that Plaintiff remain away from work while she was being treated for acute symptoms of her serious medical condition.

15. Plaintiff submitted a timely request to take FMLA leave due to her serious medical condition which included a certification from her physician supporting the need for her to be away from work. Defendants approved Plaintiff's FMLA leave on September 11, 2019.

16. On September 13, 2019, Isak Griffiths, the Deputy Director of Administration for Champaign County, pressured Plaintiff to resign her position with the Treasurer's Office, even going so far as to write a resignation letter for Plaintiff. Plaintiff declined to resign her position.

17. In the fall of 2019, Prussing publicly stated to local news media that the issues at the Treasurer's Office were caused by Plaintiff's FMLA leave.

18. To excuse her failure to provide timely financial reports to the County Board, Prussing blamed the deficiency on being "short on staff with her deputy treasurer out on leave" (Pressey, Debra. "Champaign County treasurer, board member at odds over her office's reports." *News-Gazette*, 11 Sept. 2019). Prussing further revealed that she was "in the process of trying to hire a deputy treasurer" (*Id*.).

19. On November 21, 2019, Plaintiff, with the approval of her physician, notified the Defendants that she would be able to return from FMLA leave on November 27, 2019.

20. On November 25, 2019, Prussing notified Plaintiff by e-mail that Plaintiff was to be placed on an indefinite administrative leave starting on November 27, 2019. Prussing's email advised Plaintiff that the reason for the leave was due to the Treasurer's Office investigating

4

"irregularities." The email notes, "This is not a disciplinary action. If any disciplinary action is contemplated, you will be notified and have an opportunity to be heard."

21. Plaintiff advised Prussing that the instruction was not in compliance with Champaign County's FMLA policy and that Plaintiff would report to County Administration on November 27.

22. At 2:39 p.m. on December 11, 2019, Prussing emailed Plaintiff a "pre-disciplinary notice" which listed a number of purported shortcomings and advised Plaintiff that there would be a meeting at 1:30 p.m. the following day (less than 24 hours) at the Treasurer's office to address the specified allegations.

23. On December 12 at 4:50 p.m., Prussing terminated Plaintiff's employment via email. Prussing stated that Plaintiff had "failed to respond to the concerns" expressed about Plaintiff's performance.

24. Plaintiff did not receive either the December 11 pre-disciplinary notice email nor the December 12 email notice of termination until she checked her email on December 13. Neither of the messages were provided to Plaintiff via mail or otherwise in writing.

25. On December 20, 2019, Plaintiff contacted County Executive Darlene Kloeppel to formally request a termination hearing pursuant to Champaign County Personnel Policy. See Exhibit A, attached hereto. However, no hearing was ever scheduled by either the County Executive or the Treasurer's Office.

26. On January 3, 2020, Prussing notified the County Board that she was resigning from her position, effective January 31, 2020.

27. Prussing's conduct as Plaintiff's supervisor/manager resulted in an adverse employment action against Plaintiff. Since Prussing is an agent of Champaign County, the County is strictly liable for Prussing's actions against Plaintiff.

## <u>COUNT I</u>
### (Violation of FMLA, 29 U.S.C. § 2615—Interference)

28.  Plaintiff repeats and re-alleges all paragraphs in this Complaint as if fully set forth herein.

29. At all times relevant to this proceeding, Defendants were an employer as that term is defined in 29 U.S.C. §2611(4).

30. The Family Medical Leave Act (FMLA) at 29 U.S.C. §2615(a)(1) prohibits an employer from "interfere[ing] with…the exercise or the attempt to exercise any right" provided by the FMLA.

31. Plaintiff's medical condition represented a serious health condition which prevented Plaintiff from performing the essential functions of her position. By virtue of 29 U.S.C. § 2612(a)(1)(d), Plaintiff was entitled to use a total of twelve work weeks of leave away from her employment during any twelve consecutive month period because of that medical condition.

32. By the expiration of Plaintiff's twelve-week FMLA period for calendar year 2019, Plaintiff's medical condition had sufficiently improved so that she was able to return to her position of employment with the Defendants.

33. Upon the expiration of Plaintiff's family medical leave, Defendants were obliged to return Plaintiff to either the same position she held at the time her leave commenced, or to an equivalent position with equivalent benefits, pay, and terms and conditions of employment.

34. Plaintiff was not restored to her position upon her return from FMLA leave, and was instead placed on administrative leave and terminated shortly thereafter. The alleged reasons for Plaintiff's termination were false and materially interfered with Plaintiff's exercise of her protected FMLA leave.

35. Defendants Champaign County and/or Laurel Prussing further interfered with Plaintiff's

protected FMLA leave by engaging in the following conduct:

    a.  Defendants discouraged Plaintiff from exercising her FMLA rights by suggesting that Plaintiff resign her employment in September of 2019;

    b.  Prussing advised the County Board and local media that Plaintiff's protected leave was the cause of Prussing's failure to meet her statutory obligations to the County;

    c.  Defendants sought to replace Plaintiff as deputy treasurer while Plaintiff was on FMLA leave;

    d.  Defendants failed to abide by the County's personnel policies for employees returning from FMLA leave;

    e.  Defendants failed to restore the Plaintiff to her prior position after completion of her FMLA leave;

    f.  Defendants placed Plaintiff on administrative leave for alleged misconduct immediately upon her return from FMLA leave;

    g.  Defendants failed to provide Plaintiff with adequate notice of a pre-disciplinary hearing; and

    h.  Defendants terminated Plaintiff's employment shortly after her return from FMLA leave.

36. Defendants' termination of Plaintiff's employment interfered with Plaintiff's rights to take FMLA as guaranteed under 29 U.S.C. § 2612 and is prohibited under the terms of 29 U.S.C. § 2615(a)(1). Moreover, the reasons Defendants alleged for terminating Plaintiff were false and materially interfered with Plaintiff's use of protected FMLA leave.

37. As a direct and proximate result of the conduct described above, Plaintiff has sustained monetary damages through the loss of wages and employment benefits which she would

otherwise have received had she remained in the employ of the Defendants.

<u>**COUNT II**</u>
**(Violation of FMLA, 29 U.S.C. § 2615—Retaliation)**

38.  Plaintiff repeats and re-alleges all paragraphs in this Complaint as if fully set forth herein.

39. At all times relevant to this proceeding, Defendants were an employer as that term is defined in 29 U.S.C. § 2611(4).

40. Plaintiff's serious medical condition prevented Plaintiff from performing the essential functions of her position. By virtue of 29 U.S.C. § 2612(a)(1)(d), Plaintiff was entitled to use a total of twelve work weeks of leave away from her employment during any twelve consecutive month period because of her serious medical condition.

41. Upon the expiration of Plaintiff's family medical leave, Defendants were obliged to return Plaintiff to either the same position she held at the time her leave commenced or to an equivalent position with equivalent benefits, pay, and terms and conditions of employment.

42. By the expiration of Plaintiff's twelve-week FMLA period for calendar year 2019, Plaintiff's medical condition had sufficiently improved so that she was able to return to her position of employment with the Defendants.

43. Defendants retaliated against Plaintiff for taking FMLA by engaging in the following conduct:

    a.  Defendants discouraged Plaintiff from exercising her FMLA rights by suggesting that Plaintiff resign her employment in September of 2019;

    b.  Prussing advised the County Board and local media that Plaintiff's protected leave was the cause of Prussing's failure to meet her statutory obligations to the County;

    c.  Defendants sought to replace Plaintiff as deputy treasurer while she was on FMLA leave;

    d.  Defendants failed to abide by the County's Policy for employees returning from

FMLA leave;

e.  Defendants failed to restore Plaintiff to her prior position after completion of her FMLA leave;

f.  Defendants placed Plaintiff on administrative leave for alleged misconduct immediately upon her return from FMLA leave;

g.  Defendants failed to provide Plaintiff with adequate notice of a pre-disciplinary hearing; and

h.  Defendants terminated Plaintiff's employment shortly after her return from FMLA leave. The reasons Defendant provided for Plaintiff's termination were false and were in retaliation for Plaintiff's exercise of her protected FMLA rights.

44. Defendants discriminated and retaliated against Plaintiff in violation of 29 U.S.C. § 2615(a)(2) when Defendants refused to return Plaintiff to her prior employment subsequent to Plaintiff's protected FMLA leave.

45. As a direct and proximate result of the conduct described above, Plaintiff has sustained monetary damages through the loss of wages and employment benefits which she would otherwise have received had she remained in the employ of the Defendants.

WHEREFORE, Plaintiff Amy Jo Foster, respectfully requests that this Court enter the following relief:

A.  Enter a declaratory judgment determining that the actions complained of in this Complaint are unlawful in violation of the provisions of 29 U.S.C. § 2615 and issue a mandatory injunction against the Defendants to refrain from engaging in any action with respect to Plaintiff which is prohibited under the terms of the foregoing law;

B.  Issue a mandatory injunction directing the Defendants to reinstate Plaintiff to either: 1) the

position of employment with the Defendants which she held prior to the conduct complained of in this Complaint with all employment duties, responsibilities, salaries, benefits and rights attendant to that position; or 2) a comparable position of employment with the Defendants;

C. Award Plaintiff damages sufficient to compensate her for the economic losses suffered as a result of the conduct as alleged in this complaint;

D. Assess, pursuant to 29 U.S.C. § 2617(a)(3), against the Defendants the costs and expenses incurred by Plaintiff in maintaining the above captioned proceeding together with the reasonable attorney fees incurred by her in prosecuting the above captioned cause;

E. Award Plaintiff prejudgment interest pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii);

F. Assess against the Defendants and in favor of the Plaintiff such liquidated damages as are permitted under 29 U.S.C. § 2617(a)(1)(A)(iii); and

G. For all further relief the court deems equitable and just.

PLAINTIFF DEMANDS TRIAL BY JURY.

AMY JO FOSTER,
PLAINTIFF

By: /s/Ronald S. Langacker
Ronald S. Langacker Attorney
for Plaintiff

By: /s/David C. Steigmann
David C. Steigmann
Attorney for Plaintiff

Ronald S. Langacker #6239469
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
(217) 954-1025
ron@langackerlaw.com

David C. Steigmann #6271465
Steigmann Law, PC
1807 Woodfield Drive
Savoy, Illinois 61874
 (217) 351-5818 Fax (217) 351-5819
dsteigmann@steigmannlaw.com